## IN RE APPLICATION OF IRA WALLACE SYCK FOR MINNESOTA SOLDIERS BONUS.

## IRA WALLACE SYCK v. SOLDIERS BONUS BOARD OF REVIEW.[1]

April 21, 1922.

No. 22,893.

**Soldiers bonus not payable to soldiers in Canadian army.**

The so-called bonus law does not authorize the payment of a bonus to a resident of this state who served in the army of an associated power in the late war, but did not serve in the military or naval forces of the United States.

Upon the relation of Ira Wallace Syck the supreme court granted its writ of certiorari directed to the Soldiers Bonus Board of Review to re-examine relator's claim to a soldier's bonus. Affirmed.

*A. D. Pearson* and *Z. L. Begin*, for relator.

*Clifford L. Hilton*, Attorney General, and *Albert F. Pratt*, Assistant Attorney General, for respondent.

TAYLOR, C.

The relator, a resident of this state, enlisted in the Canadian army February 20, 1917, and served as a Canadian soldier in the war with

[1]Reported in 187 N. W. 709.

Germany. He never enlisted or served in the military or naval forces of the United States. After receiving an honorable discharge from the Canadian army and returning to this state, he applied to the bonus board for a bonus, under chapter 49, p. 72, of the Laws of 1919 (Ex. Sess.), as amended by chapter 471, p. 774, of the Laws of 1921. The bonus board held that he was not entitled to a bonus, for the reason that he had served only in the army of another country and not in the army of the United States. At his request the claim was presented to the Soldiers Bonus Board of Review for reexamination, and after a hearing that board also rejected the claim, for the same reason assigned by the bonus board for rejecting it. A writ of certiorari brings the ruling before this court for review.

The question presented is whether a resident of this state who enlisted and served in the army of an associated power in the late war, but who was never in the military or naval service of the United States, is entitled to a bonus under the so-called bonus law of this state. This question was considered in Gustafson v. Rhinow, 144 Minn. 415, 175 N. W. 903, in which the constitutionality of the bonus law was upheld. It was contended in that case, among other things, that taxation to pay the bonus granted by the law was not for a public purpose and was inhibited by the Constitution. The court held that taxation for the purpose of paying a bonus to the residents of this state who served in the military or naval forces of the United States was for a public purpose and within the power of the legislature to impose. It was also contended in that case that the act provided for payment of a bonus to residents of this state who served only in the army of an associated power and was unconstitutional for that reason. The court held that the law did not authorize the payment of a bonus to a person who served only in the forces of an associated power and performed no service in the military or naval forces of the United States. The conclusions reached by the court upon the several questions there presented are stated as follows in the closing paragraph of the opinion:

"We hold that the law is authorized by section 7 of article 9 of the Constitution; that the debt to be created will be a direct liability of the state; that such debt will be created for a public purpose,

and that the law does not include residents of Minnesota who served in the forces of the associated nations, but did not serve in the forces of the United States."

That decision is decisive of the present case and we find no reason for departing from or overruling it, especially in view of the fact that, if the statute were to be construed as providing for the payment of a bonus to residents of this state for serving in the army of a foreign country, its constitutionality would be more than doubtful.

The order and decision of the Soldiers Bonus Board of Review is affirmed.